IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TRACY GERARD ALLEN, AIS # 129732, :

    Plaintiff,                                     :

vs.                                                     :     CIVIL ACTION 06-0704-CB-C

MICHAEL FIGUA,                          :

    Defendant.                                    :

## REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis,* was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is the undersigned's recommendation that plaintiff's action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that, after reviewing of the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, plaintiff previously had more than three actions that were dismissed as frivolous.[1]

Furthermore, in the present action, plaintiff's complaint (Doc. 1) does not indicate at the time of filing that plaintiff was "under imminent danger of serious physical injury." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must

---

[1]The following actions of plaintiff were dismissed as frivolous: *Allen v. Jones, et al.,* CA 90-0059-T-S (S.D. Ala. Mar. 31, 1992); *Allen v. Edwards, et al.,* CA 90-0076-BH-C (S.D. Ala. Sept. 11, 1991); *Allen v. Carver, et al.,* CA 90-0214-CB-S (S.D. Ala. Sept. 20, 1991); *Allen v. White, et al.,* CA 90-0561 (N.D. Ala. June 28, 1990); *Allen v. Patterson,* CA 90-0562 (N.D. Ala. June 26, 1990); *Allen v. State of Alabama,* CA 90-1100 (N.D. Ala. Aug. 21, 1990); *Allen v. Hunt, et al.,* CA 90-1101 (N.D. Ala. Aug. 21, 1990); *Allen v. Norman,* CA 91-0153 (N.D. Ala. May 29, 1991); *Allen v. Allen, et al.,* CA 91-1705 (N.D. Ala. Nov. 26, 1991); *Allen v. Hunt, et al.,* CA 91-1708 (N.D. Ala. Nov. 27, 1991); *Allen v. White, et al.,* CA 91-1935 (N.D. Ala. Feb. 3, 1992); *Allen v. Thigpen, et al.,* CA 91-2021 (N.D. Ala. Jan. 30, 1992); *Allen v. Battles, et al.,* CA 91-2476 (N.D. Ala. Apr. 17, 1992); *Allen v. Thigpen,* CA 92-1623 (N.D. Ala. Nov. 29, 1993); *Allen v. Chaplain,* CA 93-119 (N.D. Ala. Sept. 13, 1993); *Allen v. Nagle,* CA 93-897 (N.D. Ala. Sept. 1, 1993); *Allen v. Blankenship,* CA 93-1193 (N.D. Ala. Sept. 15, 1993); *Allen v. Martin*, CA 93-1801 (N.D. Ala. Mar. 2, 1994); *Allen v. Burton, et al.,* CA 93-1808 (N.D. Ala. Mar. 2, 1994); *Allen v. USPS,* CA 93-1834 (N.D. Ala. Mar. 2, 1994); *Allen v. Tucker,* CA 93-1929 (N.D. Ala. Dec. 28, 1993); *Allen v. Champale,* CA 93-1931 (N.D. Ala. Dec. 27, 1993); *Allen v. USPS,* CA 93-1932 (N.D. Ala. Dec. 28, 1993); *Allen v. Folsom, et al.,* CA 93-2229 (N.D. Ala. Apr. 1, 1994); *Allen v. State of Alabama*, CA 93-2272 (N.D. Ala. Apr. 4, 1994); *Allen v. Nagle,* CA 93-2350 (N.D. Ala. Mar. 31, 1994); *Allen v. Nagle, et al.,* CA 93-2399 (N.D. Ala. Apr. 1, 1994); *Allen v. DeLoach, et al.,* CA 93-T-1052-N (M.D. Ala. Oct. 6, 1993); *Allen v. Harrelson, et al.,* CA 93-H-1114-N (M.D. Ala. Oct. 22, 1993); *Allen v. Folsom, et al.,* CA 94-A-0288-N (M.D. Ala. Apr. 7, 1994); *Allen v. Dr. Thomas, et al.,* CA 94-0469-AH-S (S.D. Ala. Sept. 16, 1994); *Allen v. Jones, et al.,* CA 94-0572-CB-S (S.D. Ala. Nov. 7, 1994); *Allen v. Jones, et al.,* CA 94-0638-AH-S (S.D. Ala. Sept. 27, 1994); *Allen v. Folsom, et al.,* CA 94-A-0684-N (M.D. Ala. June 28, 1994); *Allen v. Folsom, et al.,* CA 94-A-0691-N (M.D. Ala. June 28, 1994); *Allen v. Allen, et al.,* CA 94-0987-RV-S (S.D. Ala. Jan. 31, 1995); *Allen v. Harrelson, et al.,* CA 94-D-1524-N (M.D. Ala. Dec. 27, 1994); and *Allen v. Naile, et al.,* CA 96-T-0446-N (M.D. Ala. Apr. 17, 1996).

face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time). That is, plaintiff's present action is concerned with plaintiff receiving a citation while he was incarcerated in segregation for which he received as punishment 30 days' loss of telephone, store, and visiting privileges. These allegations do not evince that plaintiff was subjected to a physical injury, much less one that was imminent or serious. Therefore, plaintiff's complaint does not meet § 1915(g)'s "imminent danger of serious physical injury" exception.

Because plaintiff cannot avail himself of § 1915(g)'s exception and did not pay the $350.00 filing fee at the time he filed this action, plaintiff's action is due to be dismissed without prejudice. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002). Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

DONE this 6th day of November, 2006.

                                                 s/WILLIAM E. CASSADY
                                                 UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

4